# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1112V
### Filed: June 11, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| P.H., by and through his parent and,    * <br> Natural guardian, ASHLEY PUROLL,    * <br>                       * <br>          Petitioner,    * <br>                       * <br>                       * <br> SECRETARY OF HEALTH    * <br> AND HUMAN SERVICES,    * <br>                       * <br>          Respondent.    * <br>                       * | Concession on Entitlement; <br> Damages Decision Based on Proffer; <br> Rotavirus Vaccine; Intussusception; <br> Surgical Intervention; <br> Special Processing Unit ("SPU") |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul Brazil, Esq., Muller Brazil, LLP, Philadelphia, PA, for petitioner.*
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC for respondent.*

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On November 14, 2014, Ashley Puroll filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] [the "Vaccine Act" or "Program"] on behalf of her son, P.H. Petitioner alleges that P.H. suffered intussusception requiring surgical intervention which was caused by the rotavirus vaccine he received on August 12, 2014. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 10, 2015, respondent filed a document conceding that petitioner is entitled to compensation in this case and proffering an award to which petitioner agrees. Respondent's Rule 4(c) Report and Proffer on Damages ["Rule 4(c) Report and Proffer"] at 1, 3-4. Specifically, respondent agrees that "PH's intussusception was caused in fact

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

by the rotavirus vaccine that he received on August 12, 2014[,] [t]he temporal association between the administration of PH's rotavirus vaccine and the onset of his intussusception is medically appropriate, and there is no other identifiable alternate cause for PH's onset of intussusception." *Id.* at 3. Respondent further agrees that all jurisdictional and statutory issues have been satisfied to include the requirements of § 11(c)(1)(D)(i) which are satisfied by P.H.'s inpatient hospitalization and surgical intervention. *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

Respondent indicates that petitioner should be awarded $36,000.00 for actual and projected pain and suffering and $23,070.45 to satisfy the State of Michigan Medicaid lien for a total amount of $59,070.45. Rule 4(c) Report and Proffer at 3. Petitioner agrees. *Id.*

Pursuant to the terms of the attached Proffer, I award the following:

- **A lump sum payment of $36,000.00 in the form of a check payable to petitioner, Ashley Puroll, as guardian/conservator of P.H., for the benefit of P.H.,** representing compensation for P.H.'s pain and suffering;[3]

- **A lump sum payment of $23,070.45, representing compensation for satisfaction of the State of Michigan Medicaid lien, payable jointly to petitioner and**

**FIRST RECOVERY GROUP**
**Attn: Patrick Cassidy**
**26899 Northwestern Hwy**
**Suite 250**
**Southfield, MI 48033**
**Petitioner**

representing compensation for satisfaction of the State of Michigan Medicaid lien.[4]

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

---

[3] Per the terms of the proffer "[n]o payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of PH's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of PH, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of PH upon submission of written documentation of such appointment to the Secretary." Rule 4(c) Report and Proffer at 5.

[4] Petitioner agrees to endorse this payment to FIRST RECOVERY GROUP.

The clerk of the court is directed to enter judgment in accordance with this decision.[5]

**<u>s/Denise K. Vowell</u>**
Denise K. Vowell
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

P.H., a minor, by and through his parent and
natural guardian, ASHLEY PUROLL,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

No. 14-1112V
Chief Special Master Vowell
ECF

## RESPONDENT'S RULE 4(c) REPORT AND PROFFER ON DAMAGES

On November 14, 2014, Ashley Puroll ("petitioner") filed a petition for compensation on

behalf of her minor child PH, under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C.

§§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended.  Petitioner alleges that as a result of

receiving a rotavirus vaccine on August 12, 2014, PH suffered from intussusception requiring

surgical intervention.  Petition at *Introduction*.  Petitioner filed PH's medical records, designated as

Petitioner's Exhibits ("Pet. Ex.") 1 through 5, and a Statement of Completion.

The facts of this case, as reflected in the Petition and accompanying documents, have been

reviewed by medical personnel at the Division of Injury Compensation Programs, Department of

Health and Human Services ("DICP").  Their opinion is that this case is appropriate for

compensation under the terms of the Vaccine Act based on causation-in-fact.

## FACTUAL SUMMARY

Born on June 2, 2014, PH was growing and developing normally, suffering only routine

childhood illnesses, during his first two months of life.  Petitioner's Exhibit ("Pet. Ex.") 1 at 11-

16, 37).  On August 12, 2014, at his two-month-old check-up, PH received  Diphtheria, Tetanus,

acellular Pertussis ("DTaP"); Haemophilus Influenzae type b ("Hib"); Hepatitis B ("Hep B"); inactivated polio virus ("IPV"); pneumococcal ("PCV"); and rotavirus vaccinations. *Id*. at 7-10. Five days later, on the evening of August 17, 2014, petitioner called the pediatrician to report that PH had been refusing to eat and had been vomiting for hours. *Id*. at 6. She was advised to take him to the emergency room (ER). *Id*. PH was examined in the Mercy Health ER around 11:00 p.m. that evening, but he was sent home after a chest x-ray and abdominal exam showed nothing abnormal. Pet. Ex. 2 at 11-12, 20.

When PH's become increasingly lethargic with no bowel movements and a decreased urine output for three days, petitioner took him to the North Ottawa Community Hospital ER on August 19, 2014. Pet. Ex. 1 at 25. His abdomen was mildly distended and tender to palpitation. *Id*. An abdominal x-ray revealed multiple distended loops of small bowel, suspicious of a small bowel obstruction. *Id*. He was transferred to Spectrum Devos Children's Hospital for a surgery consult. *Id*. at 50-52. An upper-gastrointestinal study and an air contrast enema indicated an intussusception with a bowel perforation that could not be reduced without surgery. Pet. Ex. 4 at 8-9. PH underwent surgery for reduction of intussusception and an appendectomy. Pet. Ex. 1 at 65-66. The resection of his bowel was approximately four centimeters long. *Id*. Afterwards, PH initially had vomiting and fussiness, but by August 22, 2014, he was able to be discharged home. *Id*.

When PH returned to the surgery clinic on September 4, 2014, he was doing well. Pet. Ex. 1 at 89. For more than five months after the surgery however, PH suffered from recurrent constipation that his pediatrician believed was related to the intussusception. Pet. Ex. 5 at 1.

**ANALYSIS**

DICP has concluded that PH's intussusception was caused in fact by the rotavirus vaccine that he received on August 12, 2014.  The temporal association between the administration of PH's rotavirus vaccine and the onset of his intussusception is medically appropriate, and there is no other identifiable alternate cause for PH's onset of intussusception.  Thus, causation-in-fact is supported by the record and petitioner has satisfied the legal prerequisites for compensation under the Vaccine Act.

With respect to other statutory and jurisdictional issues, the record shows that the case was timely filed, that PH received a vaccine set forth in the Vaccine Injury Table, and that the vaccine was received in the United States.  Further, based on the medical records outlined above, PH underwent inpatient hospitalization and surgical intervention, thus, satisfying the requirements of Section 11(c)(1)(D)(i) of the Vaccine Act.  The Petition states that no civil action or proceedings have been pursued in connection with PH's vaccine-related injury.  *See* 42 U.S.C. §§ 300aa-11(a)(5) and 300aa-11(c)(1)(E).

Therefore, respondent concedes that entitlement to compensation is appropriate under the terms of the Vaccine Act.  The scope of damages to be awarded is limited to PH's intussusception and its related sequella.

**PROFFER ON AWARD OF COMPENSATION**

I.    **Items of Compensation**

A.    Future Unreimbursable Expenses

The parties agree that based upon the evidence of record, PH will not require future care for his vaccine-related injury.  Therefore, respondent proffers that petitioner should be awarded no future unreimbursable expenses under 42 U.S.C. § 300aa-15(a)(1).  Petitioner agrees.

B.      Lost Future Earnings

The parties agree that based upon the evidence of record, PH will be gainfully employed in the future.  Therefore, respondent proffers that petitioner should be awarded no anticipated loss of earnings under 42 U.S.C. § 300aa-15(a)(3)(B).  Petitioner agrees.

C.      Pain and Suffering

Respondent proffers that PH should be awarded $36,000.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.[1]  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.      Past Unreimbursable Expenses

The parties agree that based upon the evidence of record, petitioner has no past unreimbursable expenses related to PH's vaccine-related injury.  Respondent proffers that petitioner should be awarded no past unreimbursable expenses.  Petitioner agrees.

E.      Medicaid Lien

Respondent proffers that PH should be awarded funds to satisfy the State of Michigan Medicaid lien in the amount of $23,070.45, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Michigan may have against any individual as a result of any Medicaid payments the State of Michigan has made to or on behalf of PH from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about August 12, 2014, under Title XIX of the Social Security Act.

II.     **Form of the Award**

The parties recommend that compensation provided to PH should be made through lump sum payments as described below and request that the Chief Special Master's decision and the

---

[1] Should PH die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

4

Court's judgment award the following:

A.   A lump sum payment of $36,000.00, representing compensation for pain and suffering, in the form of a check payable to petitioner as guardian/conservator of PH, for the benefit of PH.  No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of PH's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of PH, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of PH upon submission of written documentation of such appointment to the Secretary.

B.   A lump sum payment of $23,070.45, representing compensation for satisfaction of the State of Michigan Medicaid lien, payable jointly to petitioner and

FIRST RECOVERY GROUP
Attn: Patrick Cassidy
26899 Northwestern Hwy
Suite 250
Southfield, MI  48033

Petitioner agrees to endorse this payment to the above payee.

**III.   Summary of Recommended Payments Following Judgment**

A.   Lump sum paid to petitioner as guardian/conservator of
PH's estate:                                                                         **$36,000.00**

B.   Reimbursement for Medicaid Lien:                              **$23,070.45**

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

5

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

 s/ Jennifer L. Reynaud
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 305-1586

Date:   June 8, 2015